462 P.2d 720

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Fred A. CUNICO, Defendant and Appellant.**

No. 11730.

Supreme Court of Utah.

Dec. 22, 1969.

---

**326**

———◆———

Brian R. Florence, of Florence, Hutchison & Ziegler, Ogden, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, David S. Young, R. Bruce Bybee, Asst. Attys. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

Appellant Fred Cunico and William White were charged with the possession of marijuana. The jury found both of the defendants guilty and Fred Cunico has appealed to this court.

The plaintiff is here claiming he is entitled to a reversal on three grounds. His first ground is that the trial court denied his motion to suppress certain evidence which was obtained by a search of the defendant's apartment. Secondly, he claims that the trial court misdirected the jury by giving an erroneous instruction. Thirdly, that the trial court at the time of pronouncing sentence took into consideration reports and information other than the testimony of witnesses examined in open court.

On February 14, 1969, two deputy sheriffs of Weber County searched the premises at 170 Ogden Canyon wherein appellant and his co-defendant resided. Prior to the search the officers had presented an affidavit to one of the judges of the District Court of Weber County and a search warrant was issued by the court. The affidavit and warrant were not included in the record on appeal. However, appellant's brief sets forth the allegations upon which the warrant was issued. The defendant claims that the affidavit failed to state facts sufficient to show probable cause for the issuance of the warrant. The affidavit of the officer sets forth that he had received the information from one of the nurses at St. Benedict's Hospital, where the defendant was employed, to the effect that during a telephone conversation with William White, the co-defendant, that White was on a "trip" but that he did not indicate the type of drug he had used. Also the officer had received information from a pastor of a church to the effect that he was a friend of the White family and that William White had been using narcotics and also that he had some mental problems. A telephone conversation between the nurse and William White was a call made by the nurse to the residence of William White at 170 Ogden Canyon.

We are of the opinion that the allegations of the affidavit as set forth in the brief of the appellant were sufficient for the district court to determine that there was probable cause to believe that a nar-

cotic was being used at the premises specified in the affidavit. The fact that the appellant here was not named in the affidavit nor the warrant is of no importance inasmuch as Cunico resided with White and he does not here contend that he was not an occupant of the premises. The affidavit of the officer was based upon hearsay, but that fact does not affect the validity of the warrant issued thereon as it appears that the informants were reliable and that the officer was entitled to rely on the information supplied.[1]

The officers during the search of the premises occupied by the defendant found and confiscated a small quantity of marijuana. The marijuana taken during the search was received in evidence during the trial of the cause in the court below. The defendant complains that it was error for the court to give the following instruction to the jury:

█ The law makes no distinction between the possession of a great amount or the small amount, though the amount possessed may be of concern to a judge in passing sentence, * * *

While the court may well have omitted that part of his charge to the jury, nevertheless it does not appear to have prejudicially affected the rights of the defendant in view of the fact that the court did instruct the

jury that the State had the burden of proving beyond a reasonable doubt that the defendants and each of them were in possession of the narcotic.

█ As a third ground of reversal the appellant claims that the trial court abused its discretion in considering materials not available to the defendant at the time of pronouncement of judgment. Section 77–35–12, U.C.A.1953, provides:

When discretion is conferred upon the court as to the extent of punishment, the court, at the time of pronouncing judgment, may take into consideration any circumstances, either in aggravation or mitigation of the punishment, which may then be presented to it by either party.

It is the defendant's contention that Section 77–35–13, U.C.A.1953, requires that matters in aggravation or mitigation of punishment may only be presented to the court by the testimony of witnesses at a hearing for that purpose. In this case the law specifies the sentence which must be pronounced. Under the indeterminate sentence law the length of time a defendant is required to serve in prison or in a county jail rests solely with the Board of Pardons. The report or other information the court reviewed prior to pronouncement of judgment is not included in the record on appeal. It does not appear that the court abused its discretion and in any event it

1. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. See also

Spinelli v. United States, 293 U.S. 410, 89 S.Ct. 584. 21 L.Ed.2d 637.

**328**

would appear that the court exercised clemency and that the defendant was placed on probation which as a condition thereof required him to serve a period of time in the county jail.[2]

We see no error in the record requiring a reversal of the verdict and judgment of the court and the same is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

2. State v. Martin, 49 Utah 346, 164 P. 500.