509 P.2d 363

**Scott O. ANDRUS, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

No. 13085.

Supreme Court of Utah.

April 20, 1973.

1. Lukas v. J. C. Penney Co., 233 Or. 345, 378 P.2d 717.

N/A

Brent A. Gold, of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., William T. Evans, Asst. Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

Plaintiff appeals from a denial of his writ of habeas corpus, claiming a violation of his rights under the first eight amendments to the Federal Constitution.[1]

The plaintiff was charged in June, 1967, with the crime of issuing a check against insufficient funds and was arrested in Texas. Later he was charged with forgery and writing a check against insufficient funds and was returned to Utah on or about August 3, 1968.

The plaintiff was one of more than forty prisoners wrongfully released from prison by a judge of the Federal District Court of Utah. The decision was reversed, and the plaintiff was arrested in Nevada, where he spent some time in jail while resisting extradition to Utah.

Plaintiff complains because he is not allowed time towards his sentence while he was incarcerated in jails in Texas and Nevada while he was resisting extradition to Utah.

Section 77–62–3, U.C.A.1953, places the duty on the Board of Pardons to decide when and under what circumstances prisoners are to be released from prison, since our statutes require the court to impose an indeterminate sentence in felony cases. This section implements Article VII, Sec. 12, of our Constitution, which provides for a Board of Pardons.

Section 76–1–34, U.C.A.1953, provides:

The term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant at the place of imprisonment, and if thereafter during such term the defendant by any legal means is temporarily released from such imprisonment and subsequently returned

---

1. The Supreme Court of the United States has repeatedly held that the so-called Bill of Rights was not made applicable to the states by way of the Fourteenth Amendment, although of recent years that court has often *asserted* that such was the case. As to the validity of the Fourteenth Amendment, see my opinion in the case of Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968).

thereto, the time during which he was at large must not be computed as part of such term.

■ It thus appears that the Board of Pardons was following the law when it refused to allow any time for jail service in other states.

■ The plaintiff would like for us to declare the latter section unconstitutional. We are compelled to disappoint him, for we think the section is not only constitutional but fair and proper as well.

■ He also complains because he claims he has served more time than is usual for the crime of issuing a check against insufficient funds, to which he entered a plea of guilty. Somebody must serve more time than others, else there would be no need for a Board of Pardons to decide when a prisoner should be released to take his place in an orderly and law-abiding society.

It seems that the plaintiff has a liquor problem, and at a hearing before the Parole Board he was asked about it. He replied, in substance, that he had no way of knowing what he would do, that it was not against the law to drink, and if he wanted to drink, he would probably drink.

The board would undoubtedly release the plaintiff if he would attempt to remain sober when released, as many forgeries are committed by persons who are drinking at the time.

It seems to us that any extra time served by the plaintiff over the usual time (if there be such a thing) is the result of his own doings.

The judgment of the trial court is affirmed.

CROCKETT and TUCKETT, JJ., concur.

CALLISTER, C. J., and HENRIOD, J., concur in the result.