510 P.2d 529

**STATE of Utah, Plaintiff and Respondent,**

v.

**Lana Taylor DOREMUS, Defendant and Appellant.**

**No. 13115.**

Supreme Court of Utah.

May 25, 1973.

---

3. Geary v. Cain, et al., 79 Utah 268, 9 P.2d 396 (1932).

4. 19 C.J.S. Corporations § 839, p. 264; 18 Am.Jur.2d, Corporations § 15.

**374**

Brian Rich Florence of Florence & Hutchison, Ogden, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice.

The defendant was charged in the District Court of Weber County with arranging to distribute for value a controlled substance which was a felony under the provisions of Section 58–37–8(1)(8), U.C.A. 1953, as amended. During the trial the State amended the information so as to charge the defendant with a misdemeanor. To the lesser charge the defendant entered a plea of guilty. Thereafter the court sentenced the defendant to serve six months in the county jail and to pay a fine in the sum of $299. The court suspended the fine and five months of the jail sentence and placed the defendant on probation. At the time of sentencing the court declined to inform the defendant of the contents of a presentence report.

The defendant is here seeking a reversal of her sentence on the sole ground that the court failed to grant her motion to inspect the report of the presentence investigation.

We find no statute which controls the precise question here involved.

'A somewhat similar problem was before this court in the case of State v. Cunico.[1] In order that there be no doubt as to what we believe to be the proper rule, it is the opinion of this court that it be left to the sound discretion of the trial court to determine whether or not the contents of the presentence investigation report should be furnished to the defendant in its entirety or such portions thereof as the court might deem appropriate. It should be remembered that in most cases the background information contained in the presentence report is supplied by the defendant or the defense counsel to the agent making the report. In view of the fact that the trial court must deal with the defendant in the event he is placed on probation, we deem it best that that court should not be bound by a hard and fast rule. In any event a defendant is not foreclosed from presenting evidence in mitigation of the punishment pursuant to the procedure set forth in Section 77–35–13, U.C.A.1953.

The trial court having exercised clemency in its sentence, we find no abuse of discretion on the part of the court, and the sentence of the defendant is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. 23 Utah 2d 325, 462 P.2d 720.