517 P.2d 1016

**STATE of Utah, Plaintiff and Respondent,**

v.

**Loren Ray DOWELL and Marie Dowell, Defendants and Appellants.**

**No. 13015.**

Supreme Court of Utah.

Jan. 4, 1974.

Ronald C. Barker, Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendants appeal from their conviction by a jury of the crime of assault with a deadly weapon, Section 76–7–6, U.C.A.1953. Both defendants were sentenced to the Utah State Prison for the term provided by law; however, Mrs. Dowell's sentence

was suspended and she was placed on probation on the condition that she serve 30 days in jail or in the alternative pay a fine and make restitution.

Mr. and Mrs. Dowell were the owners of a duplex; they rented one unit to Mr. and Mrs. Lansfeldt. Approximately eight days after the Lansfeldts became their tenants, the Dowells received a message that their duplex had been condemned by the Board of Health and the Lansfeldts had vacated the premises. The Dowells immediately went to the apartment which was sometime in the evening. They observed that the unit was dark, and the windows appeared to be missing. Mrs. Dowell gave her husband a pistol they carried in the vehicle before he proceeded into the apartment to investigate the conditions of the dwelling. Mr. Dowell discovered considerable damage had been done to the premises, and items, such as, the bedroom rug, the kitchen table, and draperies were missing.

The Dowells then proceeded to the grocery store where Danny Lansfeldt was employed. They testified that Danny emerged from the store as they pulled into a parking stall. Mr. Dowell left the vehicle and followed Danny on foot across the parking lot. Mrs. Dowell, driving the automobile, maneuvered into a position in close proximity to where her husband and Danny were engaged in a conversation. The evidence thereafter is in sharp conflict as to the ensuing events.

Danny testified that Mr. Dowell threatened him with a gun and ordered him to get in the automobile, and that Mrs. Dowell informed him that his wife was dead. Danny pushed Mr. Dowell away and ran towards the door of the grocery store. Mr. Dowell testified that the gun was in his back pocket, and that when he mentioned the furniture, Danny shoved him into the front of the automobile, aggravating a recent back injury. Danny fled and Mr. Dowell pursued him. As Danny arrived at the door, Mr. Dowell caught him by the collar. The evidence is undisputed that Mr. Dowell hit Danny over the head with the pistol at least twice, that Danny's scalp was seriously lacerated, and that the wounds he sustained required surgery. The evidence further indicated that Mrs. Dowell drove the automobile to an area in close proximity to the door, summoned her husband, and the couple fled. Several hours later, Mr. Dowell, accompanied by his wife, surrendered to the police.

Based on the foregoing facts, the jury found that Mr. Dowell had committed an assault with a deadly weapon and that his wife had aided and abetted him in the commission thereof, thus attaining the status of a principal.

On appeal, defendants contend that they were denied a fair trial and due process of law on the ground that the trial court refused to order the prosecution to produce statements of witnesses made to the investi-

gating officers. Defendants claim that this failure to disclose constituted a suppression of material evidence favorable to the accused in violation of the standard set forth in Moore v. Illinois.[1]

The record of the proceedings indicates that defense counsel requested the police reports and statements of witnesses prepared by the Sheriff's Department in connection with this case. The trial court responded that it had previously informed counsel to give him a statement of whose reports he wanted. Counsel replied that he wanted a statement from each of the witnesses called by the State and any other police statements prepared in connection with the case. The trial court ruled that the motion was denied but stated that if counsel would give the court the name of the particular one and the reason it would be of assistance to counsel, the court would consider the motion. Counsel responded with the names of two police officers but did not identify the witnesses nor the materiality of this evidence either to the guilt or punishment of the defendants.

In Moore v. Illinois,[2] the court stated that it knew of no constitutional requirement that the prosecution must make a complete and detailed accounting to the defense of all police investigatory work on a case. The court explained that suppression by the prosecution of evidence favorable to an accused upon a defense production request violated due process where the evidence was material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. The court cited the following factors by which the conduct of the prosecution was to be measured: (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character to the defense, and (c) the materiality of the evidence.

■ Defense counsel, neither during the trial nor on appeal, has revealed the materiality of the statements of the witnesses, who testified at trial and were subject to cross-examination. The Dowells' defense was predicated on the events which transpired in the parking lot, prior to the victim's retreat to the store. The witnesses were all present within the store, and their testimony was limited strictly to their observations after the participants arrived at the door, the victim was struck over the head, and the weapon discharged twice simultaneously with two of the blows. Under the circumstances of the record, the trial court did not err by refusing to compel the production of the evidence.

■■ Defendants contend that the trial court erred in its instructions 4–B, 5N, 5Q,

1. 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

2. Note 1, supra.

5R to the jury. Instructions 4–B, 5N, and 5Q concern facets of defendants' claim of self-defense. Although Mr. Dowell testi-. fied that Danny was the initial aggressor, he conceded that the victim had withdrawn from the affray and fled toward the door with Dowell in pursuit. Mr. Dowell testi- fied further that at that point he was not in fear or afraid of Danny. Under such circumstances, the trial court could proper- ly have refused instructions on self- defense.[3] Furthermore, the claimed errors involved the failure to give certain instruc- tions concerning general abstract principles of law which had no relationship to the facts of the case as they appeared in the evidence and which were, therefore, prop- erly not included therein.[4] The alleged er- ror in Instruction 5R disappears upon construing it in conjunction with the other instructions.

The defendants contend that the trial court erred in admitting Exhibit 16, a ham- mer, for illustrative purposes. Defense counsel objected on the ground that the jury had the gun in evidence, and they could make their own determination; the introduction of the hammer created a new element, which was suggestive, immaterial, and irrelevant. The hammer was intro- duced for the purpose of comparing its weight, a few ounces lighter, with the gun.

■ Although it appears that defend- ants' objection should have been sustained, this alleged error must be evaluated in con- formity with Section 77–42–1, U.C.A.1953, an appellate court must give judgment without regard to errors or defects which do not affect the substantial rights of the parties. A review of the entire record does not indicate that defendants' rights were prejudiced in some substantial man- ner, i. e., there is no apparent, reasonable probability that the results would have been more favorable to defendants in the absence of error.[5]

■ Defendants further contend that the trial court erred by denying them ac- cess to the presentence report and then uti- lizing this material in the court's determi- nation of their sentences. In State v. Doremus,[6] this court held that it was with- in the sound discretion of the trial court to determine whether or not the contents or any portion thereof of the presentence in- vestigation report should be furnished to defendant.

■ Defendant, Marie Dowell, urges that the trial court erred in providing as a condition of her probation that she pay a fine and restitution. She claims that such a condition denied her equal protection of the law as set forth in Williams v.

---

3. State v. Castillo, 23 Utah 2d 70, 457 P.2d 618 (1969).

4. State v. Thompson, 110 Utah 113, 131, 170 P.2d 153 (1946).

5. State v. Kelbach, 23 Utah 2d 231, 238, 461 P.2d 297 (1969).

6. 29 Utah 2d 373, 510 P.2d 529 (1973).

**328**

Illinois.[7]  Defendant's contention is not sustained by the language of the court in Williams v. Illinois, wherein it was stated:

> It bears emphasis that our holding does not deal with a judgment of confinement for nonpayment of a fine in the familiar pattern of alternative sentence of "$30 or 30 days."  .  .  .[8]

Defendants' other arguments are without merit.  The judgment of the trial court is affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

7.  399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

8.  At page 243 of 399 U.S., at page 2023 of 90 S.Ct.