STATE of Utah, Plaintiff and Respondent,

v.

Arvil A. HARRIS, Defendant and Appellant.

No. 15560.

Supreme Court of Utah.

Sept. 29, 1978.

---

Robert L. Lord, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, William W. Barrett, Asst. Attys. Gen., R. Paul VanDam, Salt Lake County Atty., John T. Nielson, Deputy Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Arvil A. Harris was originally charged with receiving stolen property (30 cases of coffee), a third degree felony.[1] As a consequence of discussions between the prosecutor, the defendant's counsel and the defendant, and with the approval of the court, the state moved to reduce the charge to an attempt to receive stolen property, a class A misdemeanor,[2] and the defendant entered a plea of guilty. The court ordered a presentence report; and after receiving it, sentenced the defendant to a term of one year in the Salt Lake County Jail and a fine of $1,000.

Defendant was disappointed that he was not placed on probation and requested that he be permitted to withdraw his plea. He attacks the trial court's refusal of that request as an abuse of discretion and assigns

---

1. 76–6–408, U.C.A., 1953. Pursuant to sections 76–6–412(1)(b) and 76–3–203(3), that crime is punishable by a term not to exceed five years.

2. As provided by 76–4–102(4), such a crime is punishable by a term not exceeding one year.

two grounds of error: First, that the court did not make sufficient inquiry to determine whether the facts justified the acceptance of his plea of guilty, and second, that he should have been given a copy of the presentence report and allowed to present countervailing evidence as to anything unfavorable therein.

■ The court has an undoubted duty to guard against the possibility that an accused who is innocent of the crime charged may be induced to plead guilty without sufficient understanding of the nature of the charge or the consequence of his plea, or that the plea may be improperly induced by cajolery, deception, plea bargaining pressure, or other improper motivation.[3] The inquiry of concern here is whether the trial judge discharged that duty.

■ The defendant was represented by competent counsel who took an active interest in his welfare and the culmination of the case to the best advantage of the defendant. The alternatives were discussed with him, including the possibility that he might be convicted of the more serious crime; and that upon a plea of guilty, the trial court might be persuaded to place him on probation. Among other things, in explaining the consequence of the entry of the guilty plea, the court stated to the defendant:

> You can't be forced to incriminate yourself in any manner, but by entering a plea of guilty, you do incriminate yourself, and *you admit the facts that support the crime charged.* [Emphasis added].

In addition to other facts ascertained by the court, he had the assurances of both the deputy county attorney and defense counsel as to the justification for the defendant's entry and the court's acceptance of the plea of guilty. Upon our survey of the record, we have seen nothing to justify the defendant's charge that the trial judge failed in his duty to the defendant, nor that he committed any error or impropriety in accepting the defendant's plea.

■ Defendant's argument that the court committed reversible error when it failed to disclose to him and his counsel the contents of the presentence report is one about which there has been much controversy and upon which there is some division among the authorities.[4] An initial proposition bearing thereon is that the basic protections afforded by our law to persons accused of crime do not exist in the same manner after he has been convicted.[5] Nevertheless, he should be treated with the highest degree of fairness that can be achieved consistent with the proper and efficient administration of justice. This requires that caution be exercised to see that false or misleading information is not used to influence the court without the defendant's knowledge and without providing him an opportunity to refute or explain.

■ The other side of this coin is that those investigating for the court, and those willing to supply information, should be protected when that is necessary. It is to be realized that it is helpful in making such investigations if that can be done on a confidential basis, and that otherwise it is often impossible to obtain such useful information. Upon our consideration of the various aspects of this problem, we reaffirm the previous declaration of this Court that whether the presentence report should be furnished to the defendant is something which should rest within the sound discretion of the trial court.[6]

In supplementation of his arguments discussed above, defendant further urges that based on assurances and advice from his counsel, he had expected to be placed on probation when he plead guilty; and that because he received what he regards as too

---

3. *State v. Forsyth,* Utah, 560 P.2d 337 (1977); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

4. This is the subject of an extensive annotation and analysis in 40 A.L.R.3d 681, et seq.

5. See *Velasquez v. Pratt,* 21 Utah 2d 229, 443 P.2d 1020 (1968) and authorities cited therein.

6. *State v. Doremus,* 29 Utah 2d 373, 510 P.2d 529 (1973). We note that this is the rule in ten of our sister states. See 40 A.L.R.3d at 707.

severe a sentence, he should have been permitted to withdraw his plea.

 Upon conviction of a crime, whether by verdict or by plea, the matter of the sentence to be imposed rests entirely within the discretion of the court, within the limits prescribed by law. It should be so plain as to hardly require expression that where a defendant has knowingly and voluntarily entered a plea of guilty, the mere fact that he may have expected a lesser sentence than that imposed, is not a ground for permitting him to withdraw the plea.[7]

In order to determine the proper judgment to be imposed, the trial court listened to defense counsel's urging of matters of mitigation which might justify the imposition of only a fine and the placing of defendant on probation; and also to the defendant's own statements to the same purpose. This included the significant statement by the defendant that: "This is the first time I have been a fence". This gives support to the trial court's view that the defendant clearly understood what was being done in the reduction of the charge and the entry of his plea.

Consistent with what has been said herein, we have found neither prejudicial error, nor abuse of discretion on the part of the trial court, which would justify reversal of the judgment.

Affirmed. No costs awarded.

HALL, J., concurs.

ELLETT, C. J., concurs in result.

WILKINS, Justice (concurring in result):

I concur in result and add a brief comment on one point concerning the matter of disclosing pre-sentence reports to the defendant, which was the subject of a split decision by this Court in *Reddish v. Smith,* Utah, 576 P.2d 859, in which Mr. Justice Maughan and I each wrote dissenting opinions. For reasons noted in my dissenting opinion in *Reddish,* I believe—at minimum—that if a pre-sentence report is obtained and information therein relied upon by the sentencing judge, then the defendant should be given the opportunity to rebut the same. In this case, however, the defendant's request for inspection of the report was not made prior to sentencing but after and no disclosures were made by the District Judge that he relied upon the contents of the report. Therefore, I do not believe that the facts of this case fall within the rationale announced in my dissenting opinion in *Reddish.*

MAUGHAN, J., concurs in the concurring opinion of WILKINS, J.

---

7. *Thompson v. State,* Alaska, 426 P.2d 995 (1967); See also *People v. Hines,* 66 Cal.2d 348, 57 Cal.Rptr. 757, 425 P.2d 557 (1967). That a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, and a criminal defendant may not withdraw a guilty plea as a matter of right, see *State v. Larson,* Utah, 560 P.2d 335 (1977); *State v. Garfield,* Utah, 552 P.2d 129 (1976).