**STATE of Utah, Plaintiff and Respondent,**

v.

**Mark R. THURSTON, Defendant and Appellant.**

**No. 880593–CA.**

Court of Appeals of Utah.

Oct. 20, 1989.

---

Kenneth R. Brown, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Charlene Barlow, Salt Lake City, for plaintiff and respondent.

Before BILLINGS, GARFF and GREENWOOD, JJ.

OPINION

GARFF, Judge:

Appellant Mark R. Thurston appeals his conviction of two counts of distribution of a controlled substance in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (1986). He desires to withdraw his guilty plea or, in the alternative, requests the court to remand for specific performance of his plea bargain agreement. We affirm the trial court's judgment.

On February 23, 1988, appellant was charged with two counts of distribution of a controlled substance and one count of failure to report an accident. On March 15, 1988, he was charged with distribution of a controlled substance and possession of a controlled substance with intent to distrib-

ute. He negotiated with the Davis County Attorney's Office to plead guilty to the two February 23 counts of distribution of a controlled substance in exchange for the State's agreement to dismiss the remaining charges and to recommend probation rather than incarceration. Prior to the entry of his guilty plea, the trial judge questioned appellant extensively about his understanding of the consequences of his guilty plea and explained that he was not bound by any sentencing recommendation the prosecutor might make. He also called for Adult Probation and Parole to prepare a presentence report on appellant.

At the sentencing hearing, the County Attorney recommended that appellant be placed on probation rather than in any type of incarceration. This recommendation was also contained in the presentence report. The court indicated that, "In this case the prosecutor never varied from his commitment to recommend probation." However, the presentence report also included the investigating police officer's recommendation that appellant be incarcerated in the Utah State Prison, and his statement that "15 years is not long enough." [1] Appellant's counsel objected to the inclusion of this recommendation in the presentence report on the ground that it was inconsistent with the prosecutor's recommendation. In discussing this objection with appellant's counsel, the trial judge stated that he was, in fact, influenced by the investigating officer's recommendation, but indicated that he was also influenced by other factors in the report. [2]

The court then sentenced appellant to an indeterminate term from one to fifteen years in the Utah State Prison on each count, with sentences to run concurrently, and ordered appellant to pay restitution.

Appellant, because he felt that his plea bargain had been breached, moved to set aside his guilty plea or, alternatively, to be resentenced. At the hearing on these motions, the prosecutor and appellant's counsel attempted to enter into a stipulation to the effect that appellant could be resentenced by a different judge with a new presentence report written by a different probation agent. The court rejected this stipulation and heard argument on the motion to withdraw. Following argument, the court denied appellant's motions. Appellant then brought this appeal.

Appellant raises the following issues: (1) Does the prosecutor's agreement to make a certain sentencing recommendation as part of a plea bargain agreement bind the law enforcement agency to the same recommendation? (2) Was appellant's plea bargain agreement breached by the investigating officer's independent sentencing recommendation? (3) May appellant withdraw his guilty plea because of the investigating officer's sentencing recommendation?

## I. Binding Effect Of Prosecutor's Plea Agreement Upon Law Enforcement Agency

Appellant asserts that his plea bargain was breached because the investigating police officer circumvented the county attorney's agreement to recommend probation

---

**1.** The presentence report also contained other negative information, which would be relevant in the court's determination of an appropriate sentence.

**2.** The court stated:

Now, I think in this particular case what counsel has said is so. It's a very strong—It's not mild. It's not a—They just say "This guy deserves prison." Actually it says what you say, that 15 years in prison is not long enough for Mr. Thurston. And I have to recognize I'm influenced by that. I recognize it's his first offense for a felony. There does show up a felony on his juvenile record, but we know those are not handled as felonies. It shows he's never been on probation before.

In spite of all of those things, I'm inclined to believe that the recommendations of the Adult Probation in his particular case are good influenced by the fact that he takes a drug treatment program and then does not follow up on it and immediately gets involved in the sale of drugs after he gets out of the program while apparently saying personally that "I am not going to use it myself. I don't mind selling it to somebody else."

I'm influenced by the claims at least that he threatened one of the witnesses, you see. I'm not sure if it was one of the actual witnesses because we didn't have a trial. But I'm influenced. I think the recommendations are appropriately made as far as the Court can tell.

by recommending imprisonment in the pre-sentence report and, thereby, influenced the judge to impose a prison sentence. Appellant takes the position that, to avoid such circumvention, the prosecutor's recommendation binds all state agencies, including investigating police officers.

The Supreme Court has indicated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). The Utah Supreme Court has previously recognized *Santobello,* finding that a criminal defendant who had entered into a plea bargain was entitled to have his sentence set aside and to be resentenced with the benefit of his bargain when it was not clear from the record that the county attorney's recommendation for probation had been included in the presentence report presented to the sentencing judge. *State v. Garfield,* 552 P.2d 129 (Utah 1976). However, this court has not considered the narrow issue of whether a plea bargain agreement between a defendant and a prosecutor, in which the prosecutor agrees to recommend a specific sentence, binds the investigating law enforcement agency to the same recommendation.

Of the few jurisdictions that have examined this issue, Florida, alone, has determined that the law enforcement agency is bound by a prosecutor's plea bargain, and that the agency's failure to adhere to the terms of the plea agreement constitutes good cause for withdrawal of a guilty plea. *Lee v. State,* 501 So.2d 591, 593 (Fla.1987). The Florida Supreme Court reasoned that "basic fairness mandates that no agent of the state make any utterance that would tend to compromise the effectiveness of the state's recommendation," because "[r]egardless of how a recommendation counter to that bargained for is communicated to the trial court, once the court is apprised of this inconsistent position, the persuasive effect of the bargained for recommendation is lost." *Id.*

In contrast, the Arizona Supreme Court has reached the opposite conclusion on this issue, finding that a defendant's plea bargain agreement was not breached when, despite the prosecutor's agreement to make no sentencing recommendation, the presentence report contained a statement made by the investigating police officer to the effect that the defendant should receive a lengthy sentence. *State v. Rogel,* 116 Ariz. 114, 568 P.2d 421, 423 (1977). The *Rogel* court arrived at this conclusion on the grounds that plea bargains are entered into by a defendant, who is generally represented by counsel, and the prosecutor. The police do not participate in the negotiations and, consequently, have no voice in dictating the terms considered, bargained for, or included in the plea bargain agreement. *Id.* "As such, we think it is evident that in entering a plea agreement containing provisions requiring certain conduct by 'the State,' it is the parties' mutual intent to use that term in referring only to the prosecutorial branch of the State." *Id.*

We find the reasoning of the Arizona court to be persuasive. Further, Utah law contemplates that the sentencing judge be provided with complete background information on the defendant and the crime so that he or she might impose a sentence more intelligently. For example, Utah Code Ann. § 64–13–20(1)(b) (1986) (amended 1989) requires the Department of Corrections to "provide investigative functions and prepare reports to assist the courts in sentencing functions," including the provision for "recommendations concerning appropriate measures to be taken on behalf of offenders." Utah Code Ann. § 77–18–1(2) (1986) (amended 1989) indicates that the judge may obtain a presentence report on the defendant, which shall include "a recommendation from adult probation and parole regarding the payment of restitution by the defendant." Further, this section allows the judge, at the time of sentencing, to "hear any testimony or information the defendant or the prosecuting attorney may wish to present concerning the appropriate sentence." These statutes would become meaningless if law enforce-

ment were bound to recommend only what the prosecutor had agreed to recommend in a plea bargain, and could not express contrary information or opinions, particularly when they had not participated in the bargain itself. There are times when law enforcement has pertinent information not always known to the State at the time a plea bargain is consummated, and that agency should have an opportunity to present its views to the court.

■ We also find that sound public policy requires a plea agreement reached by a prosecutor not to be binding on other state agencies. The entire sentencing process is a search for truth and an evaluation of alternatives. *Farrar v. State,* 52 Wis.2d 651, 191 N.W.2d 214, 217 (1971). Therefore, the recommendations of the prosecutor or any other party are not binding upon the court. *See Garfield,* 552 P.2d at 131. Instead, "the imposition of sentence is entirely a responsibility of the trial judge," *Farrar,* 191 N.W.2d at 216, who must not be involved in any advance understandings between the prosecutor and the defendant. *Id.* at 217.

It should be obvious that a judge cannot properly use his discretion to fashion an informed sentence if he is deprived of relevant information. *See State v. Peterson,* 29 Wash.App. 655, 630 P.2d 480, 484 (1981), *aff'd, State v. Peterson,* 97 Wash.2d 864, 651 P.2d 211 (1982) (en banc). "When a recommendation as to sentence is requested by the court, that court is entitled to an evaluation of all the factors and a recommendation based on all of the facts then in the record." *Farrar,* 191 N.W.2d at 217 (quoting *Young v. State,* 49 Wis.2d 361, 182 N.W.2d 262, 266 (1971)). Consequently, closing off any source of information relevant to the appropriate sentencing of a criminal defendant hampers the exercise of

the court's discretion. *Peterson,* 630 P.2d at 484. Binding a law enforcement agency or any other party to a prosecutor's sentencing recommendation would limit the trial court's access to all of the facts and, consequently, hinder the appropriate exercise of the judge's discretion.[3]

Appellant relies upon dicta in *State v. Shabata,* 678 P.2d 785, 788 (Utah 1984), to support the proposition that all agencies of the State are parts of one large team, so that what one agency, namely the county attorney's office, says is binding upon all other agencies, namely, the investigating police department. Our reading of *Shabata,* however, does not support this interpretation. *Shabata* stands for the proposition that, because information known to police officers is charged to the prosecution, the prosecutor and officers working on a case may not withhold from a defendant exculpatory evidence to which the defendant is lawfully entitled by the officers' failure to inform the prosecutor of the evidence. *Shabata* does not apply to the issue of sentencing recommendations.

■ We, therefore, find appellant's arguments to be without merit and hold that the investigating police department is not bound in making sentencing recommendations by a plea bargain agreement entered into by the prosecutor, even though both are agencies of the executive branch.

## II. Breach Of Plea Bargain Agreement

Neither party disputes the fact that the prosecutor discharged his duty under the plea bargain agreement. The record clearly establishes, pursuant to the agreement, that the prosecutor dropped three of appellant's five criminal charges and recommended defendant to be placed on probation, both in the presentence report and during the sentencing hearing. The Utah

---

**3.** We note with approval the trial judge's comments in his ruling on appellant's motion to withdraw:

Sentencing is a judicial function. Every person should be intelligently sentenced, that is, sentenced after the court is made aware of all available information. No one should be muzzled in providing information or recommendations to the court unless they have spe-

cifically agreed to be so bound. The court frequently receives sentencing recommendations from prosecutors, police, health professionals, family, victims, social groups, and a myriad of others. The court is sentencing in spite of some recommendation to the contrary in almost every case. The court has the right to hear from the police and all others.

Supreme Court has previously indicated, under similar circumstances, that if the prosecutor's recommendation was before the court, the prosecutor fulfilled his promise. *Garfield*, 552 P.2d at 131. Here, the prosecutor's recommendation was before the court, so he fulfilled his promise.

Appellant's basis for arguing that the plea bargain agreement was breached was the investigating police officer's recommendation that appellant be imprisoned for the longest possible term. We have just held that the investigating police officer is not bound by the prosecutor's plea bargain, so this argument is without merit. We, therefore, find that appellant's plea bargain agreement was not breached.

### III. Withdrawal Of Guilty Plea

Appellant asserts that his guilty plea was involuntarily entered and should be stricken because he entered the plea in reliance upon the State's recommendation of probation rather than incarceration, and that his reliance was misplaced because of the inconsistency of the State's recommendations. He relies upon language in *State v. Copeland*, 765 P.2d 1266 (Utah 1988), in which the Utah Supreme Court allowed a defendant to withdraw his guilty plea because he had "pled with an exaggerated belief in the benefits of his plea." *Id.* at 1275 (quoting *People v. Lawson*, 75 Mich. App. 726, 255 N.W.2d 748, 750 (1977) (per curiam)).

We begin our analysis by noting that this language in *Copeland* is inapplicable to the present situation. In *Copeland*, the defendant was induced to plead guilty to a sex offense by the prosecutor's promise that he might be hospitalized rather than being sentenced to prison. However, the prosecutor did not inform defendant of the statutory criteria for hospitalization. If defendant did not come under these criteria, the trial court would be statutorily barred from placing him in the hospital. Consequently, the supreme court found that the prosecutor's promise was unclear and possibly illusory and, therefore, defendant pleaded "with an exaggerated belief in the benefits

of the plea." In the present case, the prosecutor's promise was clear and not illusory.

■■■ It is well established that upon conviction of a crime, whether by verdict or by plea, "it is within the sound discretion of the trial court to allow, or to refuse to allow, [a] plea to be withdrawn" after sentence has been pronounced. *State v. Plum*, 14 Utah 2d 124, 378 P.2d 671, 671 (1963); *see also State v. Harris*, 585 P.2d 450, 453 (Utah 1978); *Garfield*, 552 P.2d at 130. Further, a plea's presumption of validity is strong, and one who would set a plea aside has the burden of proving that there is a legal ground for doing so. *Plum*, 378 P.2d at 671–72. "We will not set aside trial court findings of fact as 'clearly erroneous' unless they 'are against the clear weight of the evidence, or ... the appellate court otherwise reaches a definite and firm conviction that a mistake has been made.'" *Jolivet v. Cook*, 115 Utah Adv.Rep. 17, 18 (Utah 1989) (quoting *State v. Walker*, 743 P.2d 191, 193 (Utah 1987)).

■■■ A guilty plea must stand, unless induced by threats, misrepresentation, or improper promises, if entered by "one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Copeland*, 765 P.2d at 1274 (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)); *see also State v. Harris*, 585 P.2d 450, 453 (Utah 1978). Thus, the record as a whole must establish that the defendant entered his plea with full knowledge and understanding of its consequences, and the rights he is waiving. *Jolivet, Id.* Rule 11 of the Utah Rules of Criminal Procedure specifically indicates that the court may not accept a guilty plea until it has advised the defendant personally that any sentencing recommendation he or she may have entered into with the prosecution is not binding upon the court.[4] *See also State v. Kay*, 717 P.2d 1294, 1299 (Utah 1986).

---

4. To establish beyond doubt that the defendant understands the benefits of his bargain, it is

The record here establishes that defendant was fully informed of his rights and the consequences of his guilty plea. The judge, pursuant to Rule 11, .informed defendant of his rights to trial and against self-incrimination, and related to him the potential consequences of his guilty plea. He obtained assurances from both counsel and defendant that there was justification for the entry of the guilty plea. Specifically, the judge's dialogue with defendant indicates that defendant could not have reasonably held an "exaggerated belief in the benefits of his plea." The judge made it very clear that he was not bound by the prosecutor's recommendation of probation and could, despite the prosecutor's recommendation and in reliance upon the presentence report, impose upon defendant the maximum penalty prescribed by law, one to fifteen years imprisonment and a fine of up to $10,000.[5] Defendant indicated that he understood, and elected not to change his plea in the face of this understanding.

Where a defendant is aware that there is no guarantee the court will agree to follow the prosecutor's recommendation, there is no reason to set aside a guilty plea if the court did not follow the prosecutor's recommendation, even if the defendant is disappointed with the severity of the sentence. *Garfield*, 552 P.2d at 130–31. Defendant's mere subjective belief as to a potential sentence is insufficient to invalidate a guilty plea as involuntary or unknowing. *Garfield*, 552 P.2d at 131; *see also Harris*, 585 P.2d at 453. As the supreme court stated:

> True it is that the appellant was disappointed over the punishment imposed, nor can there be any dispute but what the doing of time in the state penitentiary is more severe than being at large and reporting once a month to a probation officer. It is no doubt also true that had the appellant realized that the judge was going to send him to the penitentiary he would not have changed his plea [to guilty]. But such considerations do not constitute legal grounds or give a defendant the right, as a matter of law, to withdraw his plea after sentence has been pronounced.

*Plum*, 378 P.2d at 673. We find that the trial court did not abuse its discretion in determining that there was no valid reason for appellant to withdraw his guilty plea merely because he expected a lesser sentence than that imposed.

Affirmed.

BILLINGS and GREENWOOD, JJ., concur.

---

advisable for the prosecutor to explain to the defendant during plea bargain negotiations that any recommendation he makes is his and no one else's; that other branches of the State, including the investigating police department, may make contrary recommendations; and that the court is not bound by any of the recommendations it receives in making its sentencing determination.

5. The Court: Now, each of these is comparative to a felony of the second degree. Both count one and two carry a maximum penalty of one to fifteen years in the Utah State Prison. Let me see, did I get it wrong or is it one to—yes, one to fifteen years in the Utah State Prison and could include a fine of up to ten thousand dollars. Are you aware of that?
Mr. Thurston: Yes, I am.
The Court: Now, I know what the recommendations of counsel are going to be, because this is a first offense, there be no sentence imposed. Court almost always asks for a presentence report so I can find out more information about the individual, but you have no promises on sentencing at the time of entering a plea. Do you understand that?
Mr. Thurston: Yes, I do.
The Court: If at the time of sentencing the Court thought it was appropriate, it could enter the maximum. Do you understand that?
Mr. Thurston: Yes I do.
The Court: Where there's two charged, if the Court thought it was appropriate it could make one consecutive or following the other one. Do you understand that?
Mr. Thurston: Yes, I do.
The Court: Now, where there's a fine actually imposed the Court, by law, has to include a surcharge of twenty-five percent of the amount of the fine so, in effect, that becomes twenty-five percent more fine. Do you understand that?
Mr. Thurston: Yes, I do.