897 P.2d 711

**Terry RONDBERG, D.C.,**
**Plaintiff/Appellee,**

v.

**The ARIZONA BOARD OF CHIROPRAC-**
**TIC EXAMINERS, a State licensing**
**agency, State of Arizona, Defendant/Ap-**
**pellant.**

No. 2 CA–CV 94–0297.

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 24, 1995.

Redesignated as Opinion
March 3, 1995.

Review Denied June 29, 1995.

**410**

Wilenchik & Bartness, P.C. by Dennis I. Wilenchik and George H. Foster, Jr., Phoenix, for plaintiff/appellee.

Grant Woods, Atty. Gen. by Eric A. Bryant and Deborah R. Scott, Phoenix, for defendant/appellant.

## OPINION

ESPINOSA, Presiding Judge.

The Arizona Board of Chiropractic Examiners (the Board) appeals from an order enjoining the Board from pursuing certain administrative actions against appellee Terry Rondberg. The Board contends that it was not bound by an agreement between Rondberg and the Maricopa County Attorney's Office (MCAO) prohibiting the state from bringing "further civil penalties or proceedings" against Rondberg arising from his involvement in illegal campaign contributions. The Board further argues that although

Rondberg paid a civil penalty pursuant to the agreement, an administrative hearing would not violate prohibitions against double jeopardy. Because we find both contentions to be correct, we vacate the trial court's order granting the injunction.

In 1990, Rondberg authorized a lobbyist for a professional association he had co-founded to make contributions in both his and his wife's names to certain legislators' campaigns. The lobbyist was a "target" in the AzScam investigation and subsequently pled guilty to a knowing violation of campaign contribution limits. A.R.S. § 16–905. After coming under investigation himself, Rondberg entered into an agreement in October 1991 with the MCAO in which he agreed to pay a civil penalty for "unknowing violation of campaign contribution limits," pursuant to former A.R.S. § 16–905(J),[1] and to fully cooperate with the MCAO in its investigation. The MCAO agreed that if Rondberg fully complied with the agreement, "no criminal charges or further civil penalties or proceedings shall be brought by the State of Arizona against Terry Rondberg concerning the illegal campaign contributions." In May 1993, the Board notified Rondberg of its intention to hold a hearing to determine whether his involvement in the campaign financing matter constituted unprofessional conduct and whether his license should be revoked, or he be placed on probation, censured, or fined.

Rondberg filed a complaint against the Board, seeking injunctive and declaratory relief on grounds that the Board, in bringing the administrative action against him, breached the agreement with the MCAO and subjected him to double jeopardy. The trial court permanently enjoined the Board from conducting any proceedings against Rondberg on matters involving the campaign contributions, finding that the agreement bound "the State of Arizona and any division thereof" from all further proceedings, that the MCAO had the authority to bind the state,

---

**1.** Under former A.R.S. § 16–905(J), a knowing violation of any provision of § 16–905 was a class one misdemeanor, while an unknowing violation carried a civil penalty of up to three times the amount of the illegal contribution. Currently, under § 16–905(K), any violation is subject only to a civil penalty.

and that any further proceedings would place Rondberg in double jeopardy.

### The Agreement

■ On appeal, the Board first argues that under the Chiropractic Practice Act, A.R.S. §§ 32–901 to 32–930 (the Act), it has exclusive jurisdiction to determine the propriety of Rondberg's conduct as a professional licensee and that the MCAO did not have authority to bind the Board. The Board contends that while the MCAO could pursue and resolve criminal and civil penalties pursuant to former § 16–905(J), it could not pursue any violations of the Act, nor could it prevent the Board from performing its statutory duty to regulate chiropractors. We agree.

In adopting the Act, the legislature sought to "protect the public health and safety by continuing [the Board] to help assure the competency of chiropractic practitioners." Laws 1992, Ch. 21, § 3. Clearly, it was within the Board's jurisdiction to determine if Rondberg's conduct was unprofessional or tended to discredit the profession, A.R.S. § 32–924(A)(5), and the MCAO could not usurp that function. See Loughran v. Superior Court, 145 Ariz. 56, 699 P.2d 1287 (1985) (in plea bargain, MCAO could not bargain away license revocation without permission of Department of Transportation); State v. Rogel, 116 Ariz. 114, 568 P.2d 421 (1977) (prosecution's agreement not to recommend sentence not binding on investigating officer who was not a party to the agreement). Furthermore, neither A.R.S. § 11–532, which enumerates the powers of the county attorney when acting on behalf of the state, nor the enforcement provisions of § 16–905 grants the county attorney the power to make agreements binding state administrative agencies. See State v. Thurston, 781 P.2d 1296 (Utah App.1989) (plea agreement reached by prosecutor not binding on other state agencies).

The trial court, in granting the injunction, reasoned that because the county attorney had concurrent criminal and civil jurisdiction over the offense under former § 16–905(J), its "plea agreement" with Rondberg binds the State of Arizona in all criminal and civil proceedings. The court stated that if the agreement had referred only to criminal proceedings, the Board "could go forward with a remedial disposition of a civil matter." The court read the agreement too broadly. While it clearly prohibits any further proceedings pursuant to § 16–905, its language does not encompass administrative proceedings by a professional licensing board. In context, we must interpret the term "the State" to mean the prosecutorial branch of the state. Rogel; see also State v. McFord, 115 Ariz. 246, 564 P.2d 935 (App.1977) (reference to "State of Arizona" in plea agreement must be read to mean Coconino County Attorney, whose office filed charges on behalf of the state).

■ Rondberg also argues that the state should be "estopped" from asserting that the MCAO had no authority to bind the Board. However, the elements of equitable estoppel are not met when the Board was neither a party to nor aware of the agreement with the MCAO. See generally Freightways, Inc. v. Arizona Corporation Commission, 129 Ariz. 245, 630 P.2d 541 (1981). Furthermore, "[e]stoppel may apply against the state only when the public interest will not be unduly damaged, or when its application will not affect the exercise of governmental powers or make binding the unauthorized acts of the government." Calmat of Arizona v. State ex rel. Miller, 172 Ariz. 300, 311, 836 P.2d 1010, 1021 (App.1992), vacated in part on other grounds, 176 Ariz. 190, 859 P.2d 1323 (1993). Here, notwithstanding Rondberg's averments to the contrary, the public's interest is, at a minimum, directly at stake and if the Board were estopped from proceeding it would make binding an effect that was neither authorized by law nor contemplated by the agreement.

### Double Jeopardy

■ The Board further contends that the trial court erred in concluding that proceeding with an administrative hearing would subject Rondberg to double jeopardy. The double jeopardy clause of the fifth amendment protects against successive prosecutions as well as double punishment for the same offense. North Carolina v. Pearce, 395

**412**

U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Assuming arguendo, that jeopardy attached to Rondberg's agreement with the MCAO, administrative proceedings are civil in nature and are not prosecutions as contemplated by the "successive prosecutions" portion of the prohibition against double jeopardy. *Mullet v. Miller,* 168 Ariz. 594, 816 P.2d 251 (App.1991), *cert. denied,* 502 U.S. 1122, 112 S.Ct. 1245, 117 L.Ed.2d 477 (1992). *See also Taylor v. Sherrill,* 169 Ariz. 335, 819 P.2d 921 (1991) (jeopardy does not attach to proceedings involving civil traffic violations). A hearing before the Board would not subject Rondberg to a second prosecution.

■ While the double jeopardy clause also prohibits multiple punishments for the same offense, we decline to address the question whether certain potential actions by the Board could be viewed as punitive rather than remedial for purposes of double jeopardy because the issue is not ripe. As there has been no hearing, the Board has not issued any sanctions against Rondberg and further discussion is speculative at this point. *See American Federation of State, County and Municipal Employees, AFL–CIO, Council 97 v. Lewis,* 165 Ariz. 149, 797 P.2d 6 (App.1990) (declaratory relief must be based on existing facts, not those which may or may not arise in the future).

The trial court's order granting the injunction is vacated.

DRUKE, C.J., and HATHAWAY, J., concur.