STATE of Utah, Plaintiff and Appellee,

v.

Stephen K. WANLASS, Defendant and Appellant.

No. 970520–CA.

Court of Appeals of Utah.

Feb. 20, 1998.

Marcus Taylor, Richfield, for Defendant and Appellant.

Jan Graham and James H. Beadles, Salt Lake City, for Plaintiff and Appellee.

Before GREENWOOD, JACKSON and ORME, JJ.

## OPINION

PER CURIAM:

This matter is before the court on its own motion for summary disposition on the ground that no substantial issue is presented for review. *See* Utah R.App. P. 10(a)(2), (e) (1997). The State and defendant have responded to the motion. We affirm.

Defendant was charged with aggravated sexual abuse of a child in violation of Utah Code Ann. § 76–5–404.1(3)(g) (1995), a first degree felony. *See* Utah Code Ann. § 76–5–404.1(4) (1995). Pursuant to a plea agreement, he entered a plea of no contest to an amended charge of attempted sexual abuse of a child, a third degree felony. *See* Utah Code Ann. §§ 76–4–101, –102(3), –5–404.1(1) (1995). Defendant signed a Statement Regarding Plea Agreement with the trial court in which he acknowledged that a sentence of not more than five years in the Utah State Prison and/or a fine could be imposed based on his plea, and that entry of his plea did not mean that the court would not impose a fine or a sentence of imprisonment, or both.

At sentencing, prosecution and defense counsel jointly recommended that defendant be granted probation subject to successful completion of sexual abuse therapy. The trial court rejected this recommendation and sentenced defendant to a term of not more than five years at the Utah State Prison. A fine was also imposed.

█ Defendant now appeals the trial court's sentence. He asserts that he should have been offered an opportunity to withdraw his plea when the trial court decided not to follow the recommendation of counsel. He also claims that this sentence constitutes cruel and unusual punishment under the United States and Utah Constitutions.

Defendant incorrectly bases his claim regarding the withdrawal of his plea on Rule 11(h)(3) of the Utah Rules of Criminal Procedure, which states: "[i]f the judge then decides that final disposition should not be in conformity with the plea agreement, the judge shall advise the defendant and then call upon the defendant to either affirm or withdraw the plea." Defendant cites *State v. Thurston*, 781 P.2d 1296 (Utah Ct.App.1989) in further support of his proposition. However, neither Rule 11 nor *Thurston* aid defendant in his claim.

Rule 11(h)(3) provides that a defendant can "affirm or withdraw [a] plea" only if a judge determines that the final disposition of a case should somehow differ from a proposed disposition to which a judge earlier agreed. In this case, the only proposed disposition to which the judge agreed[1] was that defendant would plead guilty to a lesser charge. The proposed disposition did not contemplate a particular sentence. Thus, the "final disposition" was "in conformity with the plea agreement" even though the judge's sentence differed from the recommendation of counsel and the presentence investigation report.

Further, *Thurston* supports the conclusion reached in this case. In *Thurston*, this court stated:

Where a defendant is aware that there is no guarantee the court will agree to follow the prosecutor's recommendation, there is no reason to set aside a guilty plea if the court did not follow the prosecutor's recommendation, even if the defendant is disappointed with the severity of the sentence. Defendant's mere subjective belief as to a potential sentence is insufficient to invalidate a guilty plea as involuntary or unknowing.

781 P.2d at 1302 (citations omitted). Defendant did not allege that the judge agreed to be bound by the prosecutor's recommendation or that the judge intimated he would deliver a particular sentence. The record reveals that defendant knew he could receive a five year sentence and a fine based upon his plea. Accordingly, the judge did not abuse his discretion in refusing to allow de-

---

1. It is not clear from the record whether the judge, upon request of the parties pursuant to Rule 11(h)(2), initially agreed to accept the tentative plea agreement.

fendant an opportunity to withdraw his guilty plea.

 Defendant's constitutional claims are also without merit. Utah Code Ann. § 76–3–203(3) (1995) provides for sentencing in the case of a third degree felony for a term not to exceed five years. Utah Code Ann. § 76–3–301(1)(b) (1995) authorizes a fine of up to $5,000 in the case of a third degree felony conviction. Defendant's sentence was consistent with these guidelines. Thus, defendant's only real complaint is that the judge failed to accept counsel's recommendation. This the judge could do under Rule 11. The fact that defendant is disappointed with the sentence imposed does not mean it is improper.

Defendant's sentence conformed with the plea agreement, and his constitutional claims are without merit. Therefore, we affirm.

GREENWOOD, JACKSON and ORME, JJ., concur.