Kenndrick WOODSON, Jr., Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–16348.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1971.

Kenndrick Woodson, Jr., pro se.

Larry Derryberry, Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Kenndrick Woodson, Jr., hereinafter referred to as Petitioner, has filed an application for post conviction relief in the above styled and numbered cause. An application for post conviction relief was previously denied by this Court in Case No. A–15,773, after a thorough study of the record. In the Order denying the relief prayed for, we stated, in pertinent part:

"Petitioner was originally charged in the District Court of Oklahoma County in Case No. 31405 with Murder. He was tried before a jury on January 12 and 13, 1966, while represented by Mr. Sid White, retained counsel. The jury found petitioner guilty of the included offense of Manslaughter in the First Degree and assessed his punishment at thirty years imprisonment. On January 21, 1966, the petitioner, while represented by Mr. White, came before the District Court for sentencing, at which time defense counsel's Motion in Arrest of Judgment and Motion for New Trial were overruled. A transcript of the sentencing proceedings then read as follows:

'THE COURT: Exceptions are allowed. Please file Notice of Intention to Appeal in writing and that will complete your services in this case, Mr. White will be released in this case.

It is the judgment and sentence of this Court that you be confined in the State penitentiary at McAlester, for a period of thirty years, to date from your delivery to the warden of that institution. Exceptions are allowed.

You will need a lawyer. Can you hire your own lawyer?

THE DEFENDANT: Yes.

THE COURT: All right. Let the record show in open court he says he will hire his own lawyer. Mr. White is to complete his services with filing of Notice of Appeal.'

The court allowed time in which to file and serve a casemade of the trial and the trial court records indicate that Notice of Intent to Appeal was filed January 31, 1966, along with a request for preparation of the casemade, said notice and request being filed by Mr. White. Petitioner was then transported to the Oklahoma State Penitentiary on February 2, 1966.

In view of the record herein, it is apparent that the petitioner was represented by retained counsel during the trial court proceedings, that he knew of the right to appeal, that he knew of his right to have counsel to represent him on appeal, that he declined the appointment of counsel, and stated in open court that he would hire his own attorney to perfect the appeal, knowing full well that his trial counsel was released from further obligation, after filing the Notice of Intent to Appeal. Said Notice of Intent to Appeal and request for the preparation of the casemade were timely filed by Mr. White. Thus, the failure to fully perfect the appeal in the Court of Criminal Appeals was due to the failure of petitioner himself to secure counsel for this purpose. This failure was not due to ignorance, but apparently intentional, as we find nothing in the allegations of petitioner to indicate why he did not secure other counsel to perfect the appeal. Accordingly, we find that the petitioner voluntarily and understandingly waived his right to appeal and is thereby not en-

titled to an appeal out of time as authorized by 22 O.S.Supp.1969, § 1073."

In accordance with our Order issued in Case No. A–15,773, the application is accordingly Denied.