494 P.2d 525

W. Smoot BRIMHALL, Commissioner of Financial Institutions of the State of Utah, Plaintiff and Respondent,

v.

Robert B. MECHAM and his wife, Ruth W. Mecham, Defendants and Appellants.

No. 12568.

Supreme Court of Utah.

Feb. 22, 1972.

Ruth W. Mecham, pro se.

Dallas H. Young, Jr., Provo, for plaintiff-respondent.

CALLISTER, Chief Justice:

Defendant, Ruth W. Mecham, appeals from an order of the district court denying her motion for relief from a final judgment on the ground that the judgment was void, Rule 60(b)(5), U.R.C.P.

Robert B. Mecham and Ruth W. Mecham are husband and wife. In 1959, they as purchasers entered into a uniform real estate contract with Utah Savings Loan as sellers. Plaintiff initiated an action against Mechams to obtain possession of the real property because of their default in making payments. The complaint and summons were served in accordance with Rule 4(e)(1), U.R.C.P., and Ruth concedes that she was legally served and that the court acquired in personam jurisdiction, although she did not have actual knowledge of the action. Her husband, Robert, retained an attorney, who thereafter filed an answer, other pleadings, and appeared in behalf of the Mechams.

A trial was held; husband, Robert, was present, and an attorney represented the interests of defendants. On June 16, 1970, a decree was entered in favor of plaintiff. A motion for a new trial was filed on behalf of defendants on July 27, 1970. Subsequently, an order was entered on September 19, 1970, wherein the motion for new trial was dismissed and certain stipulations entered into by the parties were set forth. Defendant, Ruth, filed her motion for relief from the judgment on March 30, 1971.

Ruth asserts the judgment was void solely on the ground that the appearance of the attorney, employed by her husband, was unauthorized to represent her interests. This ground is insufficient to declare a judgment void.

The concept of a void judgment is narrowly construed in the interest of finality. A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law.[1]

In Fitzgerald v. Fernandez[2] an action to foreclose a mortgage was brought against husband and wife, and process was served upon both. On appeal, it was held that the court had acquired jurisdiction of the person of the wife as well as of the subject matter; and, therefore, the decree of foreclosure entered therein was not void, although the wife did not appear but was represented by an attorney, employed by her husband, without her knowledge or consent. The court stated that in such a case, if there had been no appearance for her, the plaintiff would have been entitled to a default and decree against her, and that his position should not be held worse by an appearance with which he had no connection.[3]

The order of the trial court is affirmed. Costs are awarded to plaintiff.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1327, p. 413; 7 Moore's Federal Practice, § 60.25 [2], pp. 301–302; also see Restatement, Judgments, § 4, pp. 19–20.

2. 71 Cal. 504, 12 P. 562, 564 (1886).

3. Also see 88 A.L.R., Anno.: Judgment—Validity—Unauthorized Appearance, § IX, p. 69: "Where the court acquires jurisdiction of the defendant by service of process or legal notice upon him, the judgment is not ordinarily subject to attack on the ground that the defendant's appearance was entered by an attorney without authority . . . ."