William SAMPLEY, Plaintiff
and Appellant,

v.

Lawrence MORRIS, Warden of the Utah
State Prison, Defendant and
Respondent.

No. 17177.

Supreme Court of Utah.

June 25, 1981.

838

Douglas E. Wahlquist, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff William Sampley appeals from the denial of his petition in habeas corpus seeking release from, or modification of, his sentence and confinement in the Utah State Prison.

As grounds for such relief, he states:

(a) That Utah is barred from enforcing the balance of his unserved sentence because it failed to make timely request for his return from imprisonment in Ohio after Utah was served with a request for disposition of charges pending against him.

(b) That his Utah sentence should be reduced by giving him credit for the time subsequently served upon convictions in Wyoming and Ohio.

(c) That the trial judge manifest unfairness toward the defendant which resulted in prejudice and the adverse judgment.

The essential and undisputed facts as stated in plaintiff's own brief are: Upon conviction of the crime of assault with a deadly weapon, the defendant was sentenced on December 24, 1969, to a term of not to exceed five years in the state prison. After he had served fifteen months, he escaped therefrom (March 13, 1971). He was apprehended and convicted of escape and on

December 12, 1972, sentenced to an additional year of imprisonment. The next fall, on October 1, 1973, he again escaped. He fled to Wyoming, where he was charged and convicted on the crime of assault with a deadly weapon and on November 30, 1973, was sentenced and committed to the Wyoming State Prison. He again managed to escape and fled to Ohio, where he was charged and convicted of the crime of aggravated robbery and committed to prison.

Upon learning of defendant's incarceration in Ohio, Utah filed there, detainers for the unserved sentences here and for escape. With respect thereto, the defendant filed with Utah the request for disposition within 180 days in accordance with the Interstate agreement on Detainers. U.C.A. 1953, 77–65–4 (Article III(a)), as amended.

On April 1, 1980, defendant was released by Ohio and was brought back to Utah (extradition waived by U.C.A. 1953, 77–65–4 (Article III(e)). The pending charge on defendant's second escape from the state prison was dismissed on grounds not material to the disposition of the issues here. This action was favorable to the defendant, but had no effect upon his previous unserved sentences.

■ In re defendant's point (a), the clearly stated purpose of the Detainer Act is to provide for expeditious disposition of pending charges; but it has neither reference to nor any effect upon convictions already obtained or on unserved sentences. U.C.A. 1953, 77–65–4 (Article III(a), (d)).

■ Defendant's (b). We see no basis in law, logic or justice which would justify compliance with defendant's insistence that he should be given credit on his Utah sentences for time served in foreign penal institutions while he was on escape from Utah.

■ As to defendant's point (c), we similarly see as entirely lacking in merit defendant's claim that the trial judge manifest such an attitude of unfairness that it redounded to defendant's prejudice.

Affirmed.