**Rosemary WISCOMBE, Plaintiff and Respondent,**

v.

**J. William WISCOMBE, Defendant and Appellant.**

**No. 860081–CA.**

Court of Appeals of Utah.

Nov. 3, 1987.

Gordon A. Madsen, Robert C. Cummings, Salt Lake City, for defendant and appellant.

Aaron Alma Nelson, Bayle, Hanson, Nelson & Chipman, Salt Lake City, for plaintiff and respondent.

Before GREENWOOD, BENCH and GARFF, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, William Wiscombe, appeals from an order entered in post divorce proceedings in the Third Judicial District Court for the State of Utah. Plaintiff and defendant were divorced in 1981. Pursuant to the decree of divorce, plaintiff was awarded the parties' residence and defendant was ordered to pay the first mortgage payment of $578 per month. A year later plaintiff sold the home under a uniform real estate contract, but the first mortgage remained in place and defendant continued payment on the mortgage. Two years af-

ter the divorce, plaintiff remarried and defendant stopped paying the first mortgage. Plaintiff then filed an order to show cause seeking to compel defendant to pay all arrearages on the mortgage. Commissioner Sandra Peuler, Domestic Relations Commissioner for the Third Judicial District Court, heard the motion pursuant to Rule 8 of that district's rules of practice. As is customary, the hearing before the commissioner was not a full evidentiary hearing, but was based on the written pleadings and proffers. No evidence was received. The commissioner recommended judgment against defendant for the mortgage arrearages. The commissioner's minute entry states that defendant objected to the recommendation, but defendant never filed a written objection. In August of 1984 defendant served plaintiff with interrogatories and in September, defendant notified plaintiff of a hearing before Judge J. Dennis Frederick on the order to show cause. Prior to the hearing plaintiff answered the interrogatories. At the subsequent hearing before Judge Frederick, the court found that defendant had failed to properly object to the recommendation of the commissioner and entered judgment against defendant in accordance with the commissioner's recommendation.

Defendant claims that Judge Frederick erred in finding that defendant failed to properly notify the commissioner and opposing counsel of his objection to the commissioner's recommendation as required by Rule 8(d) of the Rules of Practice of the Third Judicial District Court. Rule 8 allows the court to appoint a domestic relations commissioner to assist in domestic relations matters. All domestic relations proceedings except ex parte motions and petitions for modification are generally considered first by the commissioner, who recommends disposition. Subsection (d) sets forth the procedure when the parties object to the recommendation as follows:

Any party objecting to the recommended order or seeking further hearing before the assigned judge shall, within five (5) days of the entry of the commissioner's

recommendation, provide notice to the commissioner's office and opposing counsel that the recommended order is not acceptable or that further hearing is desired. The commissioner shall then refer the matter to the assigned judge for further hearing, conference or trial. If no objection or request for further hearing is made within five (5) days, said party shall be deemed to have consented to entry of an order in conformance with the commissioner's recommendation.[1]

The rule does not state that the objections need be in writing. Clearly, no written notice was given in this case. Defendant claims that there was an oral objection during the hearing before the commissioner, as is substantiated by the minute entry which states: "Deft. did not accept recommendation." Plaintiff avers that no such objection was made and since her counsel did not receive a copy of the minute entry, notice to opposing counsel was not given, as required by the rule. Defendant claims that the service of interrogatories and the notice of a hearing before Judge Frederick upon plaintiff, though not within the five day period, provided sufficient notice of the objections.

Hearings before the domestic relations commissioner are based solely on proffers, without formal submission of evidence or testimony. In this case, there is a factual dispute as to whether or not oral objection was made. Given the lack of opportunity for a complete evidentiary hearing in proceedings before the domestic relations commissioner, we believe in this case that procedural due process requires that any doubts about compliance with Rule 8(d) ought to be resolved in favor of defendant, who was seeking a full evidentiary hearing before Judge Frederick. "[T]he demands of due process rest on the concept of basic fairness of procedure and demand a procedure appropriate to the case and just to the parties involved." *Rupp v. Grantsville City*, 610 P.2d 338, 341 (Utah 1980). One of the fundamental requisites of due process is the opportunity to be fully heard. *Worrall v. Ogden City Fire*

---

1. This rule was amended June 1, 1987 and sub-    stitutes ten days for the five day time period.

*Dept.*, 616 P.2d 598, 601 (Utah 1980). In this proceeding, which did not provide for a full evidentiary hearing, it was not clear that defendant waived his due process right to a full hearing. Therefore, we find that it was error to deprive defendant of a de novo evidentiary hearing before the trial court.[2]

Appellant has raised other issues in his brief which were not considered by the trial court. Those issues are not properly before us and will not be addressed.

Reversed and remanded for further proceedings.

GARFF and BENCH, JJ., concur.

---

**2.** Plaintiff's counsel appended to his brief on appeal an affidavit to be executed by Commissioner Peuler, describing the normal procedures of her office. The affidavit was not considered by, nor a part of the record of the trial court. We, therefore, have not considered the affidavit in this opinion.