Rex J. RAWLINGS, Plaintiff and Appellee,

v.

Tamara HOLDEN, Warden, Utah State Prison; Heather Cooke, Utah Board of Pardons; et al., Defendants and Appellants.

No. 920617–CA.

Court of Appeals of Utah.

Jan. 31, 1994.

---

Jan Graham and Lorenzo K. Miller, Salt Lake City, for appellants.

Rex J. Rawlings, appellee pro se.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Tamara Holden, Warden, Utah State Prison; Heather Cooke, Utah Board of Pardons; et al. (collectively "the Board")[1] appeal the district court's order granting the relief sought by Rex J. Rawlings's petition for writ of habeas corpus brought pursuant to Utah Rule of Civil Procedure 65B.[2] We reverse.

## FACTS

In October 1985, Rex J. Rawlings pleaded guilty and mentally ill to attempted sodomy on a child, in violation of Utah Code Ann. § 76-5-403.1 (1990). In November 1985, the trial court sentenced him to an indeterminate sentence of five years to life in the Utah State Prison. Pursuant to Utah Code Ann. § 76-3-201(2) (Supp.1993),[3] the court stayed the sentence and placed Rawlings on proba-

---

1. It appears from the record that the original petition was brought primarily against the Utah Board of Pardons, and its actions are the focus of this appeal. Accordingly, for ease of reference, we refer to all of the appellants in this matter as "the Board."

2. Rawlings filed his petition on August 9, 1991. Utah Rule of Civil Procedure 65B was subsequently amended, effective September 1, 1991, to eliminate the concept of "writ" from extraordinary relief procedure. However, since Rawlings filed his petition prior to the effective date of the amendment of Rule 65B, we address his claims under the former rule.

3. In 1993, Utah's sentencing scheme was amended, resulting in a renumbering of § 76-3-201. However, since the renumbering did not substantively change the former section, § 76-3-201(1), we refer to the 1993 amended statute. Utah Code Ann. § 76-3-201(2) (Supp.1993) states, in pertinent part:

 Within the limits prescribed by this chapter, a court may sentence a person adjudged guilty of an offense to any one of the following sentences or combination of them:
 . . . .
 (c) to probation unless otherwise specifically provided by law; [or]
 (d) to imprisonment. . . .

tion for eighteen months, subject to several conditions. One of the conditions of Rawlings's probation was that he enter and complete the long-term sex offender program at the Utah State Hospital. Although it is unclear from the record, Rawlings apparently spent some time in the Utah County Jail awaiting a bed at the Utah State Hospital before being admitted to the sex offender program.

In April 1987, at the end of the eighteen-month probation period, the trial court extended Rawlings's probation for an additional eighteen months to enable him to complete the sex offender program. However, Rawlings failed to do so, and following a hearing in July 1988, the trial court revoked his probation and committed him to the Utah State Prison per his original sentence. In its commitment order, the trial court recommended that Rawlings be given credit for the approximately two and one-half years he spent at the Utah State Hospital.

At his original parole hearing on July 12, 1991, Rawlings appeared before the Utah Board of Pardons for initial consideration of a parole date. At that time, he requested credit for the time he had spent in both the Utah County Jail and the Utah State Hospital, as recommended by the trial court. However, the Board of Pardons, pursuant to its rules,[4] did not grant Rawlings credit. On August 9, 1991, Rawlings filed a petition for a writ of habeas corpus in district court under Utah Rule of Civil Procedure 65B.

Following a hearing on September 23, 1991, the habeas court ordered the Board to provide it with the criminal record from the trial court. The court also ordered both parties to submit memoranda on the issue of whether Rawlings should be granted credit for time served in the Utah County Jail and

the Utah State Hospital as a condition of probation. The habeas court subsequently received memoranda from both parties, but did not receive the criminal record. On December 13, 1991, the habeas court granted Rawlings's petition and ordered the Board of Pardons to grant Rawlings credit for the time he had spent in the county jail and the state hospital as a condition of probation.

The Board appeals, asserting that a district court does not have the authority to order the Board of Pardons to credit an inmate for time served in a county jail or state hospital as a condition of probation.[5]

## STANDARD OF REVIEW

■ In reviewing habeas corpus petitions, we accord no deference to the trial court's conclusions of law, but review them for correctness. *Termunde v. Cook*, 786 P.2d 1341, 1342 (Utah 1990).

## ANALYSIS

The Board asserts that, as a matter of law, a district court has no authority to order the Board of Pardons to credit an inmate for time served as a condition of probation. Rawlings responds that the Board of Pardons must, as ordered by the habeas court, grant him credit against his prison sentence for the time he spent in the Utah County Jail and the Utah State Hospital.

■ Under Utah's sentencing scheme, "the trial judge has no discretion in fixing the term of imprisonment. He or she simply imposes the statutorily prescribed range of years, and the Board of Pardons determines exactly how long the prisoner is to be confined." *Labrum v. Utah Bd. of Pardons*, 870 P.2d 903, 907, (Utah 1993) (quoting *State v.*

---

4. Rule R655–205–1 of the Utah Administrative Code provides, in pertinent part:

 Effective July 15, 1987, an offender shall be granted credit toward imprisonment for any time spent in official detention on the crime of commitment prior to the date sentence was imposed, with the following exceptions:

 . . . .

 (2) Time served solely as a condition of probation. . . .

 Utah Admin.Code R655–205–1 (1991).

5. The Board also argues on appeal that a habeas court must hold an evidentiary hearing when the facts are in dispute on a writ of habeas corpus before granting relief. Specifically, it asserts that because the habeas court did not have the original trial court record containing the judgment, sentence, and commitment, its grant of relief was based on facts in dispute and therefore in error. However, given our resolution of the first issue, we need not address this argument on appeal.

*Egbert,* 748 P.2d 558, 563 (Utah 1987) (Zimmerman, J., dissenting)). Thus, it is the Board of Pardons, not the district court, that has the authority to determine the actual time served within the statutory limitations and may parole or discharge an inmate "at any time within the discretion of the Board of Pardons unless otherwise specifically provided by law." Utah Code Ann. § 76–3–202(5) (1990). Put differently, "[o]nce sentence has been imposed by the [trial] court, our sentencing system vests almost complete discretion in the Board of Pardons to determine the period of time that will actually be served." *State v. Schreuder,* 712 P.2d 264, 277 (Utah 1985).

■ In accordance with our sentencing scheme, the Utah Supreme Court has consistently held that "the power to reduce or terminate sentences is exclusive with the Board [of Pardons]." *Id.* (citing *McCoy v. Harris,* 108 Utah 407, 160 P.2d 721 (1945); *Cardisco v. Davis,* 91 Utah 323, 64 P.2d 216 (1937); *State ex rel. Bishop v. State Bd. of Corrections,* 16 Utah 478, 52 P. 1090 (1898); *Graham v. Thompson,* 246 F.2d 805 (10th Cir.1957)). In other words, it is the Board of Pardons, not the district court, that "determines the actual number of years a defendant is to serve," *Labrum,* 870 P.2d at 908 (quoting *Foote v. Utah Bd. of Pardons,* 808 P.2d 734, 735 (Utah 1991)), because it is the Board of Pardons that "functions as a sentencing entity and decides the term of incarceration." *Id.* Indeed, the number of years a defendant will serve under an indeterminate sentence "is left to the unfettered discretion of the board of pardons, which performs a function analogous to that of the trial judge in jurisdictions that have a determinate sentencing scheme." *Id.* (quoting *Foote,* 808 P.2d at 735). Accordingly, we hold that a district court does not generally have the authority to order the Board of Pardons to credit an inmate's sentence with time served as a condition of probation.

■ However, because the establishment of an original parole date is inherently a sentencing function and the Board of Pardons therefore serves as a sentencing entity in our system, *id.,* "the Board [of Pardons],

like the courts, is governed by constitutional requirements addressing accuracy and fairness in the decision-making process." *Id.* at 911. Thus, while the Board exercises unfettered discretion in determining the length of an inmate's sentence, its actions must not violate the inmate's constitutional rights. *See id.* (holding that Board of Pardons must afford inmate due process in original parole hearing). Accordingly, we must examine whether the Board's actions violated (1) Rawlings's rights under the due process clause of article I, section 7 of the Utah Constitution, and (2) the double jeopardy clause of the Fifth Amendment to the United States Constitution.

"[T]he demands of due process rest on the concept of basic fairness of procedure and demand a procedure appropriate to the case and just to the parties involved." *Wiscombe v. Wiscombe,* 744 P.2d 1024, 1025 (Utah App. 1987) (quoting *Rupp v. Grantsville City,* 610 P.2d 338, 341 (Utah 1980)); *accord State v. Robinson,* 860 P.2d 979, 982 (Utah App.1993); *Holm v. Smilowitz,* 840 P.2d 157, 164 (Utah App.1992).

■ The question here—whether refusing to credit time served as a condition of probation against the inmate's prison sentence violates fundamental fairness—is an issue of first impression in Utah. When a convicted defendant accepts probation, he enters into an agreement with the sentencing court to comply with the conditions of probation as established by that court in exchange for not having to serve a prison sentence. Conditions of probation vary from case to case, but often include forfeiting certain rights and freedoms, such as possessing a gun, communicating with the victim, drinking alcoholic beverages, and freely traveling out of state. Conditions of probation may also impose affirmative responsibilities, such as reporting periodically to a probation officer or completing a program in the Utah State Hospital. Similarly, time served·in a secured treatment program as a condition of probation is just that, a condition of probation, and is not equivalent to time served in prison as punishment for committing a crime.

Further, when a sentencing court grants probation, it must have an adequate means of enforcing the conditions of that probation. Without the threat of potential future incarceration, the conditions of probation become meaningless. Likewise, crediting time spent in a jail or state hospital as a condition of probation toward potential future incarceration lessens the effectiveness of ordering such time as a condition of probation by removing the incentive for the probationer to successfully complete the ordered time in order to avoid serving his prison sentence. Accordingly, we hold that it is not a violation of fundamental fairness for the Board of Pardons to not give an inmate credit against his prison sentence for time served as a condition of probation.[6]

 Additionally, contrary to Rawlings's assertion, denial of credit for time served as a condition of probation does not impose double jeopardy. Rawlings relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989), in support of his argument that credit for probation time is constitutionally guaranteed. However, the facts in *Pearce* are materially different from those in the case at bar. In *Pearce*, the defendant, whose criminal conviction was set aside, was reconvicted at a new trial and was seeking to have time served in prison under his original sentence credited to his new sentence for the same offense. The Court held that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a *new* conviction for the *same* offense." *Id.*, 395 U.S. at 718–19, 89 S.Ct. at 2077 (emphasis added) (footnote omitted).

In the case at bar, Rawlings is not seeking credit for prison time on the same offense, but rather credit for jail and hospital time served as a condition of his probation. This jail and hospital time was served as part of an agreement made with the trial court in exchange for the opportunity to be placed on probation rather than serve the sentence in prison. Rawlings is not being punished twice for the same crime. Rather, he served time pursuant to his probation agreement, and must now serve time pursuant to his conviction of the crime of attempted sodomy on a child. Thus, denying credit does not violate the principle of double jeopardy as outlined in *Pearce*. Accordingly, the Board of Pardons did not violate Rawlings's double jeopardy rights in refusing to grant him credit for time served as a condition of probation.[7]

## CONCLUSION

We hold that (1) absent a constitutional violation, a district court does not have the authority to order the Board of Pardons to credit an inmate's sentence with time served as a condition of probation, and (2) the Board of Pardons did not violate Rawlings's constitutional rights in denying him credit in this case. Accordingly, we reverse.

BILLINGS and GREENWOOD, JJ., concur.

6. Our holding squares with the treatment given the issue by the State of Idaho, which, like Utah, operates under an indeterminate sentencing scheme. The Idaho Supreme Court, in *State v. Banks*, 121 Idaho 608, 826 P.2d 1320 (1992), held that the time a defendant spends in jail after the imposition of sentence as a condition of probation is "not required to be credited against the sentence." *Id.*, 826 P.2d at 1322. That court reasoned, as we do, that a defendant voluntarily waives his right to assert credit for such time

served "in exchange for being placed on probation." *Id.*

7. We note that such a result may seem harsh in this case, given that Rawlings spent two and one-half years in the Utah County Jail and the Utah State Hospital. However, the principle that the Board not be required to credit an inmate for time served as a condition of probation must be applied uniformly, whether the time served is ten days, three weeks, or two and one-half years.