**Martin V. ONTIVEROS, Petitioner and Appellant,**

v.

**UTAH BOARD OF PARDONS, et al., Respondents and Appellees.**

No. 940290–CA.

Court of Appeals of Utah.

June 15, 1995.

David L. Grindstaff, Salt Lake City, for appellant.

James H. Beadles and Jan Graham, Salt Lake City, for appellees.

Before BENCH, GARFF,[1] and JACKSON, JJ.

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Jud.Admin. R3–108(4).

## OPINION

BENCH, Judge:

Appellant claims that the trial court erred by denying his petition for extraordinary writ. We affirm.

## FACTS

In 1979, appellant was sentenced to serve an indeterminate term of not less than one nor more than fifteen years on a burglary conviction, a second degree felony pursuant to Utah Code Ann. § 76–6–202 (1990). In December 1987, the Utah Board of Pardons granted appellant parole. Pursuant to an interstate compact, appellant moved to California where he was monitored by California authorities.

Not quite two months later, appellant was arrested in California for residential robbery. The California courts convicted appellant and sentenced him to four years in a California state prison. Based on appellant's arrest, the Utah Board of Pardons issued a warrant of detainer to California.

In 1992, after serving his California sentence, appellant was returned to Utah for a parole violation hearing. The Board did not give appellant credit on his Utah sentence for prison time served in California and required him to serve his Utah sentence until 1998.[2]

Appellant filed a Rule 65B petition for extraordinary writ, claiming that the Board had wrongfully refused to give him credit for time served in California. See Utah R.Civ.P. 65B. The trial court initially dismissed the petition based on the three-month statute of limitations. See Utah Code Ann. § 78–12–31.1 (1990). Appellant appealed and this court reversed the trial court's dismissal. On remand, the Board filed a motion for summary judgment, arguing that the law did not entitle appellant to credit for the time he served in California. The trial court granted the Board's motion and denied the petition. Appellant subsequently brought this appeal.

## ANALYSIS

Appellant argues that the time he spent incarcerated in California should be credited toward his previous Utah conviction and parole violation. Appellant's argument is based on Utah Code Ann. § 76–3–202(3)(c) (1995), which provides that "[a]ny time spent in confinement awaiting a hearing before the Board of Pardons and Parole or a decision by the board concerning revocation of parole constitutes service of the sentence." Appellant argues that he is entitled to credit for time spent in California after the Board sent California a warrant asking the California authorities to detain appellant and return him "to actual custody pending a determination whether there is probable cause to believe that appellant violated conditions of his parole." We disagree.

In *Rawlings v. Holden,* 869 P.2d 958 (Utah App.1994), this court held that the Board has an extremely broad amount of discretion " 'to determine the period of time that will actually be served.' " *Id.* at 961 (quoting *State v. Schreuder,* 712 P.2d 264, 277 (Utah 1985)). In *Rawlings,* an inmate sued the Board because it refused to credit the two years he spent in the state hospital as part of his probation. This court held "that it is not a violation of fundamental fairness for the Board of Pardons to not give an inmate credit against his prison sentence for time served as a condition of probation." *Id.* at 962. The court reasoned that

> crediting time spent in a jail or state hospital as a condition of probation toward potential future incarceration lessens the effectiveness of ordering such time as a condition of probation by removing the incentive for the probationer to successfully complete the ordered time in order to avoid serving his prison sentence.

*Id.* In *Andrus v. Turner,* 29 Utah 2d 338, 509 P.2d 363 (1973), the supreme court upheld the Board's denial of credit to an inmate awaiting extradition while imprisoned in another state. *Id.* 509 P.2d at 364. Likewise, in *Sampley v. Morris,* 632 P.2d 837 (Utah 1981), the supreme court held that there was

2. If the California prison time counted towards appellant's Utah prison sentence, he would have been released by 1994.

"no basis in law, logic or justice which would justify compliance with defendant's insistence that he should be given credit on his Utah sentences for time served in foreign penal institutions while he was on escape from Utah." *Id.* at 839. This same analysis applies to probation violations.

The Idaho Court of Appeals has similarly held that time served in another state, particularly when it is for a separate offense, should not be credited to the original sentence. *State v. Teal,* 105 Idaho 501, 504, 670 P.2d 908, 911 (Ct.App.1983). While on Idaho probation, Teal was arrested and incarcerated in California on separate criminal charges. On his return to Idaho for probation hearings, Teal sought credit for the time served in California. The Idaho Court of Appeals held that Teal's "arrest and confinement in California, before he was delivered to the Idaho authorities, had nothing to do with the Idaho convictions. Therefore, Teal is not entitled to credit for any time spent in California custody." *Id.; see also State v. Moliga,* 113 Idaho 672, 676, 747 P.2d 81, 85 (Ct. App.1987) (holding that defendant incarcerated for unrelated conviction in Washington would only be credited "for time served in confinement related to the Idaho charges").

Other jurisdictions have also held that time served outside of their jurisdictions will not necessarily be credited to a defendant's original sentence. *See In re Rojas,* 23 Cal.3d 152, 151 Cal.Rptr. 649, 652, 588 P.2d 789, 792 (1979) (holding that defendant's liberty not deprived when no credit given for serving sentence for previous crime and charged with second crime); *Woodson v. State,* 178 Ind. App. 692, 383 N.E.2d 1096, 1099–1101 (1978) (holding defendant not entitled to credit on Indiana robbery sentence while incarcerated in other state for separate crime); *Caristo v. Sullivan,* 112 N.M. 623, 632, 818 P.2d 401, 410 (1991) (holding defendant's "sentence was merely suspended during the period in question; he simply was not given ... credit for the period ... he was not serving his New Mexico sentence."); *State v. Davis,* 69 Wash.App. 634, 849 P.2d 1283, 1287 (1993) (holding that state statute limits credit for confinement "solely in regard to the offense for which the offender is being sentenced").

## CONCLUSION

Appellant's imprisonment in California on a different conviction effectively suspended the time for the running of his sentence in Utah. Appellant is not entitled to credit for time served in California on a new and different conviction. We therefore affirm the trial court's denial of appellant's petition for extraordinary writ.

GARFF and JACKSON, JJ., concur.