FILED
United States Court of Appeals
Tenth Circuit

July 11, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MIGUEL ANGEL BACILIO,

      Plaintiff - Appellee,

v.

CURTIS L. GARNER, Chairman,

      Defendant - Appellant.

No. 18-4155
(D.C. No. 2:15-CV-00233-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT***

_____

Before **BACHARACH**, **McKAY**, and **MORITZ**, Circuit Judges.**

_____

Before us are Appellant Curtis Garner's appeal of the district court's order

denying his motion to dismiss on the basis of absolute and qualified immunity, and

Appellee Miguel Bacilio's motions for the appointment of counsel and for leave to

file a supplemental appendix.

"We review de novo the district court's denial of a motion to dismiss based on

qualified immunity." *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017).

_____

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    ** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

"Because the district court denied a Rule 12(b)(6) motion to dismiss, we confine our review to the allegations set forth in the complaint, accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in [Mr. Bacilio]'s favor." *Kamplain v. Curry Cty. Bd. of Comm'rs*, 159 F.3d 1248, 1250 (10th Cir. 1998). Mr. Bacilio's complaint against Mr. Garner (and other defendants the district court dismissed) asserts that Mr. Garner, as Chairman of the Utah Board of Pardons and Parole, "illegally incarcerated" Mr. Bacilio beyond his "legally mandated term of incarceration," thereby violating his due process rights. (Appellant's App. at 7.)

Specifically, Mr. Bacilio's complaint states that he was incarcerated in Utah from the time of his arrest in December 2006 until he accepted a plea agreement for second-degree manslaughter in August 2009 and was sentenced to five years' imprisonment. In November 2009, the Utah Board of Pardons and Parole notified Mr. Bacilio that he would only be given presentence incarceration credit for the time from December 2006 until August 2007 because that is when Texas filed a detainer against him. According to Mr. Bacilio, the Texas detainer expired after 90 days and Texas never extradited him. Although Mr. Bacilio wrote to the Board about this issue, his complaint does not allege that he attempted to appeal or otherwise legally challenge the denial of those two years of presentence incarceration credit during his imprisonment. Instead, he remained in a Utah prison until November 2013, at which point he was released to the custody of Texas, which he alleges "lack[ed] proper authority, [because the] detainer and warrant had expired and Texas had not

2

renewed." (*Id.* at 9.) Mr. Bacilio then filed this § 1983 claim seeking damages against Mr. Garner as Chairman of the Board that had denied the presentence incarceration credit he claims.

Considering first Mr. Bacilio's motions, 10th Circuit Rule 30.2(A)(1) provides that "[a]n appellee who believes that the appellant's appendix omits items that should be included may file a supplemental appendix with the answer brief." Although Mr. Bacilio did not submit his motion for leave to file a supplemental appendix until three months after submitting his answer brief, Rule 30.2(B) entitles this court to accept other appendices. In our discretion, we grant Mr. Bacilio's motion to file his supplemental appendix.

As for Mr. Bacilio's motion for the appointment of counsel on appeal, this is a civil action for money damages filed by Mr. Bacilio. In such a case, the court may request an attorney to represent the plaintiff pro bono, *see* 28 U.S.C. § 1915(e)(1), but the applicant bears the burden of convincing the court that his claim is sufficiently meritorious to warrant counsel, *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). *See also Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In addition to the merits of the plaintiff's claims, we consider "'the nature and complexity of the factual and legal issues, and the [plaintiff]'s ability to investigate the facts and present his claims.'" *Id.* at 1224 (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted the [plaintiff] in presenting his strongest possible case,

3

as the same could be said in any case.'" *Id.* at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)) (internal brackets omitted).

Mr. Bacilio contends that we should request an attorney to represent him because his case is factually and legally complex, he has limited ability to investigate the pertinent facts and to present his claims, he and Mr. Garner have presented different versions of the facts, and unlawful confinement would constitute a due process violation. These arguments are largely tangential to the question presented in Mr. Bacilio's motion: whether we should request counsel to represent him in this appeal, which deals only with Mr. Garner's entitlement to immunity. Because this issue is readily resolvable based on the cases discussed below, we see no need to request counsel for Mr. Bacilio in this appeal.

Qualified immunity will shield a government official from civil damages liability so long as his "conduct d[id] not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) (internal quotation marks and brackets omitted). "For purposes of the appeal, we accept the facts as the plaintiff alleges them; however, the Supreme Court has held that qualified immunity is proper when the record plainly demonstrates no constitutional right has been violated, or that the allegations do not offend clearly established law." *Id.*

The denial of credit for presentence incarceration only has the potential to implicate due process when it results in a sentence outside the maximum set by state law or when the process employed is fundamentally unfair. *Vasquez v. Cooper*, 862

4

F.2d 250, 255 (10th Cir. 1988); *see also Aycox v. Lytle*, 196 F.3d 1174, 1179–80 (10th Cir. 1999). This is because "the period of incarceration within [the time set by statute] is necessarily discretionary" and no one has a "right to a particular sentence within the statutory limits." *Vasquez*, 862 F.2d at 255. Although the decision to award presentence incarceration credit often lies with the trial judge, *see id.*, in Utah, "it is . . . the Board of Pardons, and not the trial court, which has authority to grant [a] defendant credit for the time he served prior to conviction," *State v. Alvillar*, 748 P.2d 207, 209 (Utah Ct. App. 1988).

Mr. Bacilio was convicted of manslaughter, which is a second-degree felony under Utah law. *See* Utah Code Ann. § 76-5-205(3). As a second-degree felony, it carried a statutory maximum of 15 years' imprisonment. *See* Utah Code Ann. § 76-3-203(2). Mr. Bacilio contends that he effectively served seven years, which is well below the statutory maximum. That the trial court chose based on the plea agreement to sentence Bacilio to a five-year sentence—the top of the range for a third-degree felony—does not change this result, as Mr. Bacilio's conviction remained a second-degree felony carrying a statutory maximum of 15 years. "The due process analysis in this case, therefore, turns on whether the process of imposing the sentence was fundamentally fair." *Vasquez*, 862 F.2d at 255.

Mr. Bacilio contends that Mr. Garner's actions in determining his presentence incarceration credit were "wholly outside" Mr. Garner's "duties, respons[i]bilities, or authority." (Appellee's Br. at 5.) He also asserts that Mr. Garner had "no duty to act contrary to [the] plea agreement nor the duty to disregard a court order." (*Id.*)

However, "[a]warding 'credit' for presentencing jail time is, by its nature, a reduction of the given sentence," and "[t]he decision whether to reduce a sentence is discretionary." *Vasquez*, 862 F.2d at 255. Moreover, "the Utah Supreme Court has consistently held that the power to reduce or terminate sentences is exclusive with the Board of Pardons." *Rawlings v. Holden*, 869 P.2d 958, 961 (Utah 1994) (internal quotation marks and brackets omitted).

As in *Vasquez*, "[t]his is not a case in which a person is denied his freedom simply because of an inability to pay a fine; nor is this a case in which the sentencing judge did not even consider the fact that the convicted person spent time in custody prior to sentencing." 862 P.2d at 255. "Rather, after considering the time [Mr. Bacilio] spent incarcerated prior to sentencing, the [Board] determined the sentence necessary to serve the state's interests." *Id.* Because the sentence was not fundamentally unfair, there was no violation of any constitutional right or clearly established law, and Mr. Garner is entitled to qualified immunity. *See Riggins*, 572 F.3d at 1107. Moreover, to the extent that Mr. Bacilio's claim seeks damages against Mr. Garner in his official capacity as Chairman of the Utah Board of Pardons and Parole, it is barred by the Eleventh Amendment. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Damage claims against state officers in their official capacities trigger Eleventh Amendment immunity.").

Therefore, Mr. Bacilio's motion to file a supplemental appendix is **GRANTED**. His motion for the appointment of an attorney on appeal is **DENIED**. Finally, the district court's order denying Mr. Garner's motion to dismiss is **REVERSED**, and this case is **REMANDED** to the district court for dismissal based on Mr. Garner's qualified immunity.

Entered for the Court


Monroe G. McKay
Circuit Judge
